OESTERREICHISCHES CREDIT-INSTITUT FUR OFFENTLICHE UNTERNEHMUNGEN UND ARBEITEN, Plaintiff, *v.* MAX GROSS, Defendant.

Supreme Court, Special Term, New York County, November 5, 1938.

*Frank & Gonnet [Claude L. Gonnet of counsel], for the plaintiff.*

*Nathan Gross,* for the defendant.

McLAUGHLIN (CHARLES B.), J.   In this action on a negotiable instrument, defendant moves for summary judgment dismissing the complaint on the ground of no merit in the action.   Plaintiff asks for summary judgment striking out the answer as sham and as insufficient in law.   The instrument in suit on a printed check form is as follows, the part in parenthesis being printed and the balance typewritten except the signature which is conceded to be in defendant's handwriting.

" (No.) ――――― C.J. Nr. 55543 (New York,) April 17 (19)35
      " (Central Hanover Bank and Trust Company 1–35)
            " (Sixth Avenue at 35th Street)
      " At July 10th, 1935 pay this Sole Bill of Exchange
" (Pay to the

order of)                L. Gottinger                ($)24,550.
                                          00
" Twenty four thousand five hundred and fifty ―― (Dollars)
                                          100
" Value in merchandise and place to Account as per Advice.―
" To Mr. Max Gross, New York,
" 21 West, 37th Street,                MAX GROSS.

Plaintiff is a banking corporation in Vienna, Austria.   Defendant and Gottinger had business dealings up until 1932 or 1933, and Gottinger, in answer to written interrogatories, states that the draft, which was blank except for the signature, was delivered to him personally or by mail by defendant, the blanks to be filled as required.   Defendant's affidavit denies this and claims that a signed blank check form given to other parties for use in making purchases was lost in Europe and must have found its way into Gottinger's possession.

If plaintiff is a holder in due course, this defense may not be interposed.   The Negotiable Instruments Law section 91, subdivision 1, provides that to constitute one a holder in due course, the instrument when taken must be " complete and regular upon its face."   *Mahaiwe Bank* v. *Douglass* (31 Conn. 170) was a case where plaintiff sought to charge an indorser of a signed uncompleted printed bill of exchange blank.   After the indorsement the maker struck out the printed name of the place and that of the drawee, substituted others and by the addition of other matter made the instrument a promissory note.   It was held that the maker was authorized to fill the blanks as a bill of exchange, but since the paper bore unmistakable evidences of its original character

as a bill of exchange, one to whom it was offered as a note was under a duty to inquire when and by what authority the alterations had been made. This case is cited with approval in *Angle* v. *North-Western Mutual Life Ins. Co.* (92 U. S. 330) wherein it is stated that the implied authority to fill blanks by one intrusted with a negotiable instrument to be used as such does not authorize such a person to vary or alter the material terms of the instrument by erasing what is written or printed nor to pervert the scope and meaning of the same by filling the blanks with stipulations repugnant to what was plainly and clearly expressed in the instrument before it was delivered.

In view of the above it cannot be said that a bill of exchange placed upon a printed check form, as was done in this instance, is regular on its face. Therefore, plaintiff is not a holder in due course.

There is an issue of fact to be tried as to whether defendant delivered the signed blank to Gottinger, or, as defendant claims, it was lost by, or wrongfully obtained from, his agent. Section 34 of the Negotiable Instruments Law provides that where an incomplete instrument has not been delivered it will not be valid, if negotiated without authority, as against any person whose signature was placed thereon before delivery.

In view of this holding, other points urged by the parties need not be considered.

Motions by plaintiff and defendant are denied.